DESIGN STRATEGIES, INC., Plaintiff,

v.

Marc E. DAVIS, Info Technologies, Inc., Info Technologies Web Solutions, Inc., and John Goullet, Defendants.

No. 02 Civ. 5329(VM).

United States District Court, S.D. New York.

May 2, 2005.

Jack S. Dweck, The Dweeck Law Firm, LLP, New York City, for Plaintiff.

Leonard Benowich, Roosevelt, Benowich & Lewis, L.L.P., White Plains, NY, R. Scott Garley, Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C., New York City, for Defendants.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Design Strategy, Inc. ("Design") submitted a *motion in limine* requesting that the Court preclude defendants Marc E. Davis ("Davis"), Info Technologies, Inc., Info Technologies Web Solutions, Inc., and John Goullet (collectively "Defendants") from offering at trial the testimony of Joseph Grieco ("Grieco"). For the reasons stated below, the Court denies Design's motion.

### I. BACKGROUND

In support of its motion, Design states that Defendants did not disclose Grieco's identity as a proffered witness in their initial disclosures and that Design would be "severely prejudiced" if Grieco were permitted to testify because it has "not had an opportunity to depose or otherwise obtain any discovery with respect to Mr. Grieco." (Letter from Jack S. Dweck to the Court of 4/28/05 ("Dweck Letter") at 1.)

Defendants do not deny that they did not disclose Grieco as a potential witness prior to the submission of their Joint Pre–Trial Order, which was received by the Court on April 26, 2005. They argue that the Court nevertheless should permit Grieco to testify because they "learned only recently that Mr. Grieco could be available to testify." (Letter from Leonard Benowich to the Court of 4/28/05 ("Benowich Letter") at 1.) In addition, Defendants state that Grieco is a former "senior employee," (Defendants' Joint Pretrial Order dated April 25, 2005 ("Defs.' Pre-

trial Order") at 10), of Design. Defendants imply that they were previously aware of Grieco's existence, but believed him to be either unavailable or unsuitable as a witness by reason of his employment by Design. (*See id.*) Defendants also point out that, in addition to being a former Design employee, Grieco's proffered testimony would relate to alleged conversations between him and Design's president, Marsh Newmark ("Newmark"). Based on these representations, which Design has not denied, Defendants contend that introduction of Grieco's testimony at trial would not result in severe prejudice to Design. (*Id.*)

### II. DISCUSSION

The Court construes Design's motion as alleging that Defendants violated Federal Rule of Civil Procedure 26(e)(1) or (2) ("Rule 26(e)(1)" and "Rule 26(e)(2)" respectively) by failing either to supplement their prior disclosures or to amend their responses to Design's interrogatories in a timely manner.[1] Rules 26(e)(1) and (2) provide as follows:

(1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

(2) A party is under a duty seasonably to amend a prior response to an interrogatory ... if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

---

**1.** Design does not identify a legal basis for its motion. Regardless of which provision, if any, of the Federal Rules of Civil Procedure Design believes Defendants have violated, the following discussion does not apply to preclusion of Grieco as an impeachment witness. This is because the discovery rules do not require pretrial disclosure of impeachment witnesses. *See* Fed.R.Civ.P.

26(a)(1)(A) (exempting from initial disclosure requirements the identity of individuals possessing discoverable information that would be used "solely for impeachment"); Fed R. Civ. P. 26(a)(3) (exempting from pretrial disclosure requirements any evidence to be used "solely for impeachment").

212

■ Federal Rule of Civil Procedure 37(c)(1) ("Rule 37(c)(1)") provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or Rule 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed." "Rule 37(c)(1)'s preclusionary sanction is 'automatic' absent a determination of either 'substantial justification' or 'harmlessness.'" *American Stock Exchange, LLC v. Mopex, Inc.,* 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (citing *Salgado v. General Motors Corp.,* 150 F.3d 735, 742 (7th Cir.1998); *In re Motel 6 Sec. Litig.,* 161 F.Supp.2d 227, 243 (S.D.N.Y.2001); *Bastys v. Rothschild,* No. 97 Civ. 5154, 2000 WL 1810107, at *26 (S.D.N.Y. Nov. 21, 2000)).

■ As noted above, Defendants claim that they became aware of Grieco's availability as a witness "only recently." Design has not contested this allegation. The vagueness of Defendants' characterization of when they learned of Grieco's availability to testify makes it difficult for the Court to determine whether or not Defendants violated Rule 26(e) by failing to supplement its earlier disclosures at an "appropriate interval[ ]," Fed. R.Civ.P. 26(e)(1), or by failing "seasonably to amend," Fed.R.Civ.P. 26(e)(2), its responses to Design's interrogatories. Assuming that Defendants' conduct does violate Rule 26(e)(1) or (2), the vagueness and brevity of Defendants' explanation as to why it did not disclose Grieco's identity earlier also pose a difficulty to the Court's ability to determine whether or not there is a "substantial justification," Fed.R.Civ.P. 37(c)(1), for that violation.

Even assuming that Defendants did violate some aspect of Rule 26(e) and that that violation is not substantially justified, though, the Court concludes that Rule 37(c)(1)'s automatic preclusionary sanction is not triggered because there is no basis on the record before the Court on which to find that permitting Grieco to testify would unjustly harm Design. As noted above, Defendants state that Grieco is a former Design senior employee. In addition, according to Defen-

dants, Grieco has been "a personal friend of Marsh Newmark for over thirty years." (Defs.' Pretrial Order at 10.) Design has not contested these allegations.

Thus, it is fair to infer that Grieco is not a person with whom Design lacks familiarity. In addition, as noted above, the subject of Grieco's proffered testimony is limited to alleged conversations between Grieco and Newmark, rather than subjects of which Design's own witnesses have no knowledge. Although trial, scheduled to begin on May 9, 2005, is imminent, the Court finds that, in light of the familiarity Design already has with Grieco and which Design's own witness, Newmark, has with the subject of Grieco's proffered testimony, there is sufficient time—nine days—for Design to conduct an adequate deposition of Grieco prior to the start of trial, if it so wishes. Therefore, the Court concludes that Grieco should not be precluded from testifying pursuant to Rule 37(c)(1)'s automatic sanction.

■ The Court also declines to preclude Grieco's testimony in the exercise of its discretion. District courts possess "inherent power ... to impose sanctions for a violation of Rule 26(e)." *Outley v. City of New York,* 837 F.2d 587, 589 (2d Cir.1988). In determining whether or not to preclude testimony based on a discovery violation, courts consider the following factors: "(1) the party's explanation for failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Emmpresa Cubana Del Tabaco v. Culbro Corp.,* 213 F.R.D. 151, 159 (S.D.N.Y.2003) (citing *Outley,* 837 F.2d at 590; *Reilly v. Natwest Markets Group, Inc.,* 181 F.3d 253, 269 (2d Cir.1999); *Softel, Inc. v. Dragon Medical & Scientific Comm. Inc.,* 118 F.3d 955, 961 (2d Cir.1997)).

■ As to the first factor, though Defendants' explanation for their last-minute disclosure of Grieco as a proffered witness lacks specificity, Design has not provided the Court with any reason to doubt its veracity. If Defendants learned of Grieco's availability

sufficiently recently, their justification could reasonably be found "substantial." As to the third factor, as explained above, the Court finds that Design would not be unduly prejudiced by allowing Grieco to testify. These factors, while not weighing strongly in favor of permitting the testimony, also do not weigh strongly against it.[2]

The second factor, though, does strongly favor admission of Grieco's testimony. As explained by the Court in previous Orders in this case,[3] the central issue for trial is whether or not Davis provided Design with sufficient notice of and opportunity to compete for a contract with Microsoft. Grieco's proffered testimony goes directly to this issue. In addition, the proffered testimony is based upon Grieco's personal knowledge of his own conversations with Newmark. Thus, Grieco's testimony would be highly probative of material facts and would carry substantial weight. For these reasons, the Court declines to exercise its discretion to preclude Grieco's testimony.

Accordingly, it is hereby

**ORDERED** that the motion of plaintiff Design Strategy, Inc. ("Design") to preclude the testimony of Joseph Grieco is denied; and it is further

**ORDERED** that Design is authorized to depose Joseph Grieco regarding the subject of his proffered testimony, as set forth on page ten of Defendants' Joint Pretrial Order, dated April 25, 2005, at a time and place mutually acceptable.

**SO ORDERED.**

---

**2.** Because the Court finds that there is sufficient time for Design to prepare a response to Grieco's proffered testimony and because this case has been pending since July 2002 and trial has already been postponed once, the Court declines to consider the fourth factor listed above as a viable option.

**3.** The Court's Decision and Order setting forth the facts and claims involved in this case is reported as *Design Strategies, Inc. v. Davis*, No. 02 Civ. 5329(VM), 2004 WL 1394327 (S.D.N.Y. June 22, 2004).